IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon Austin, | ) | |
| | ) | C/A No. 3:05-1734-CMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Citibank, N.A., Numax Mortgage Corp., | ) | ORDER GRANTING |
| and Proliance Mortgage Corp., f/k/a | ) | DEFENDANT PROLIANCE MORTGAGE |
| Partners Mortgage Corp, | ) | CORP.'S MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Proliance Mortgage Corp.'s ("Proliance") motion to dismiss all claims asserted against it for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The motion is supported by a legal memorandum which correctly sets forth the legal standard and argues for dismissal on two grounds: (a) that the Truth in Lending Act is inapplicable to Proliance because it is a mortgage broker rather than a "creditor"; and (2) that the state law claims are barred by the applicable statute of limitations as revealed by allegations in the complaint.

Plaintiff has failed to respond to the motion to dismiss despite the passage of the period allowed by the local rules. *See* Local Civil Rule 7.06. Notably, this deadline is also set forth in the docket and on the notice of electronic filing which was automatically served on Plaintiff's counsel.

In the absence of any opposition, and finding no obvious deficiency on the face of the motion, the court grants the motion to dismiss for the reasons stated therein.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2005

C:\temp\notesB0AA3C\05-1734 austin v citibank- vlv - proliance mortg mo to dismiss.wpd